**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SIDNEY KEYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-00693 PLC |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Sidney Keys for leave to commence this civil action without prepayment of the required filing fee.[1] [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court finds plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, after reviewing plaintiff's complaint, the Court will dismiss this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1]The Court notes plaintiff Sidney Keys has previously filed twenty (20) in forma pauperis civil cases in this Court, all of which have been dismissed upon initial review for failure to state a claim, voluntarily dismissed by plaintiff, dismissed upon a Fed.R.Civ.P. 12(b)(6) motion, or dismissed for failure to comply with a Court order. Plaintiff has four new civil filings that have not yet been reviewed by the Court pursuant to 28 U.S.C. § 1915.

1

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who filed the instant civil action against the United States Postal Service. [ECF No. 1]. Plaintiff's complaint contains two wholly separate allegations

against the Postal Service. The first allegation relates to plaintiff's claim of harassment against the United States Postal Service in May of 2023. Plaintiff states:

> I was harassed and discriminated against by a employee and supervisor Scott at Chesterfield Missouri on May 23, 2023, discrimination that's being occurring since 1994 Chesterfield Missouri Post Office called me on my personal phone and told me they sent all my mail back to the sender.

He states that the postal worker that called to tell him that they had to send his mail back indicated that they were unable to hold his mail for him for an unspecified time.

The second allegation appears to lie in employment discrimination. Plaintiff asserts that he was fired from the Postal Service after working there for twenty-five (25) years. He alleges that his termination was the result of race discrimination.

Plaintiff also purports that during his employment at the Postal Service he was denied a transfer from Florissant, Missouri to the Miami, Florida Postal Office around 1996 "based on racism." He states that he was also denied a transfer to the Las Vegas, Nevada Postal Office around this same time.

Last, plaintiff claims that he was sexually assaulted by his supervisor at the Postal Office during the course of his employment. Plaintiff seeks monetary damages in this action against defendant.

## Discussion

Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is subject to dismissal.

**A. Plaintiff's Employment Discrimination Claims Are Barred By Res Judicata**

The Court takes judicial notice of plaintiff's prior filings in this Court relating to his litigation against his prior employer, the United States Postal Service.[2] Plaintiff was a postal carrier at the Florissant, Missouri Post Office. His employment was terminated by the Postal Service in 2010. On October 26, 2012, the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations (OFO) issued to Keys a Dismissal of Appeal which recited the Plaintiff's Right to File a Civil Action in connection with his Formal Complaint of Discrimination dated June 10, 2010, alleging that the Postal Service discriminated against him on the bases of his race and reprisal for prior protected EEO activity. The OFO's Right to File a Civil Action pertained to two issues: (1) On or about March 4, 2010, plaintiff learned that the Postmaster purposely tried to prevent him from receiving food assistance in a negative and adverse letter to his case worker which was received on February 19, 2010; and (2) on May 17, 2010, he learned that he had been charged as Absent Without Official Leave.

On March 22, 2011, plaintiff filed an employment discrimination complaint against the United States Postal Service, *Keys v. Donahoe*, No. 4:11-552 RWS (E.D.Mo), alleging race discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, discrimination under the American with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq.*, and harassment and retaliation. On September 11, 2011, plaintiff filed another employment discrimination complaint against the United States Postal Service, *Keys v. Donahoe*, No. 4:11-cv-1649 RWS (E.D.Mo), based on the ADA, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and alleging harassment and retaliation in connection with discrimination allegedly occurring

---

[2]*See Keys v. Potter*, No. 4:10-cv-461 TCM (E.D.Mo); *Keys v. Potter*, No. 4:10-cv-847 DJS (E.D.Mo); *Keys v. Donahoe,* No. 4:11-552 RWS (E.D.Mo); *Keys v. Donahoe*, No. 4:11-cv-1649 RWS (E.D.Mo); *Keys v. Donahoe,* No. 4:12-cv-2320 ERW (E.D.Mo); and *Keys v. United States Postal Service*, No. 4:18-cv-1031 RWS (E.D.Mo).

on December 15, 2009. On March 6, 2012, Judge Sippel consolidated case number 4:11-cv-1649 RWS with case number 4:11-cv-552 RWS and ordered the Clerk of Court to administratively close 4:11-cv-1649 RWS. On November 28, 2012, Judge Sippel dismissed with prejudice the consolidated cases filed in 2011 because of Keys' failure to comply with multiple court orders regarding the filing of exhibits, the scheduling of a mediation and the scheduling of his deposition.

Plaintiff's current employment discrimination claims are precluded under the doctrine of res judicata as the claims as these claims have previously been dismissed with prejudice. A claim will be precluded based on the determination of a prior lawsuit when five elements are satisfied: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. *Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009).

The dismissal of plaintiff's previous claims against the Postal Service was a final judgment on the merits under Fed.R. Civ.P. 41(b), and the Court had competent jurisdiction to adjudicate the claims. The prior suits were between the same parties, and plaintiff raises the same or similar claims or causes of action. In the current suit plaintiff seeks payment for purported discrimination at his employment with the Postal Service. In his previous suit, Keys alleged that he was racially discriminated against during his work with the Postal Service and in his termination, that the Postal Service was not properly compensating him for a work-related injury, and he sought payment of disability and workers' compensation benefits. Both suits arise out of the same alleged injuries that purportedly occurred between 2009 and 2010 and constitutes the same nucleus of operative facts. Keys had a full and fair opportunity to litigate the matters in both of his prior proceedings.

5

As all the elements of doctrine of res judicata are satisfied, plaintiff's current action is barred, and he has failed to state a claim upon which relief can be granted.

**B. Plaintiff's Claims Relating to the Return of His Mail against the United States Postal Service**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature." *Id.* This Court may have subject matter jurisdiction over this action if plaintiff demonstrates a waiver of sovereign immunity. *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006). A waiver of sovereign immunity is strictly and narrowly construed in favor of the sovereign, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)); *see also V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000).

In this case, plaintiff has alleged nothing that would establish a waiver of sovereign immunity with respect to any claim he can be understood to bring. This Court therefore lacks subject matter jurisdiction over plaintiff's claim of harassment against the United States Postal Service. *See* Fed. R. Civ. P. 12(h)(3). Construing the complaint as brought pursuant to the Federal Tort Claims Act ("FTCA") would not be helpful to plaintiff. A federal agency like the defendant cannot be sued under the FTCA. *See Duncan v. Dep't of Labor,* 313 F.3d 445, 447 (8th Cir. 2002). Also, there is no basis to infer that administrative remedies are exhausted, as required before the judicial process is invoked. *See McNeil v. United States*, 508 U.S. 106, 112 (1980); *see also Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (stating that exhaustion of administrative remedies is a jurisdictional prerequisite).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of May, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE